Adam J. Zapala, SBN 245748
**COTCHETT, PITRE & MCCARTHY LLP**
San Francisco Airport Office Center
840 Malcolm Road
Suite 200
Burlingame, CA 94010
Phone: (650) 697-6000
Email: azapala@cpmlegal.com

***Counsel for Plaintiff and the Proposed Class***
*Additional Plaintiff's Counsel Appear*
*on the Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Ackerman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Western Digital Corporation, Western Digital Technologies, Inc., and SanDisk LLC,<br><br>Defendants. | Civil Action No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

PAGE NO.

I.      INTRODUCTION ........................................................................................... 1

II.     PARTIES ........................................................................................................ 1

        A.    Plaintiff ............................................................................................... 1

        B.    Defendants .......................................................................................... 2

III.    JURISDICTION AND VENUE ..................................................................... 2

IV.     INTRADISTRICT ASSIGNMENT ............................................................... 3

V.      FACTUAL ALLEGATIONS .......................................................................... 3

VI.     CLASS ACTION ALLEGATIONS .............................................................. 10

VII.    CLAIMS FOR RELIEF ................................................................................ 14

        COUNT I
        (Breach of Express Warranties) ...................................................... 14

        COUNT II
        (Breach of Implied Warranty of Merchantability) ......................... 16

        COUNT III
        (Violations of the Unfair Competition Law, California Business & Professions
        Code §§17200, et seq., Against Defendants on Behalf of the Class) ..................... 18

        COUNT IV
        (Fraud by Omission) ......................................................................... 19

        COUNT V
        (Violations of California False Advertising Law, California Business &
        Professions Code §§17500, et seq., Against Defendants on Behalf of the Class) ... 21

        COUNT VI
        (Unjust Enrichment Against Defendants on Behalf of the Class) .......................... 22

        COUNT VII
        (Negligent Misrepresentation) ........................................................ 23

VIII.   PRAYER FOR RELIEF ................................................................................ 25

IX.     JURY DEMAND ........................................................................................... 26

Plaintiff Michael Ackerman on behalf of himself and all others similarly situated, by and through his undersigned attorneys, alleges as follows. All allegations herein, other than those relating directly to Plaintiff, are based on information and belief.

## I.    INTRODUCTION

1.    Defendants Western Digital Technologies, Inc. Western Digital Technologies, and SanDisk LLC design, manufacture, market, and sell a variety of computer storage devices including portable solid-state drives (the "Storage Drives").

2.    The Storage Drives are generally known to be more reliable, more durable, and faster than standard storage drives. In fact, Defendants specifically market the Storage Drives as "Fast and Dependable," "reliable enough to take on any adventure," and "Tough Enough to Take With You."[1] They also claim to "TAK[E] DURABILITY TO GREATER HEIGHTS," allowing users to "[c]arry [their] data with confidence."[2]

3.    The Storage Drives, however, contain a latent defect that causes them to suddenly become unreadable, which can result in data loss.

4.    Plaintiff and Class Members paid for fast, reliable storage but were instead met with unreliable storage unusable for its intended purpose.

5.    Defendants knew or should have known of these defects but have suppressed such information from the public.

## II.    PARTIES

### A.    Plaintiff

6.    Plaintiff  Michael Ackerman is a resident of Los Angeles County and is a citizen of the State of California. Mr. Ackerman purchased a SanDisk Extreme Go Portable SSD in the State of California in 2023 from Costco. In purchasing this Storage Drive, Plaintiff Ackerman believed it would conform to a reasonable minimum level of reliability. Plaintiff Ackerman's

---

[1] https://www.westerndigital.com/products/portable-drives/sandisk-extreme-pro-usb-3-2-ssd?sku=SDSSDE81-1T00-G25. Last accessed October 17, 2023.
[2] https://www.westerndigital.com/products/portable-drives/wd-my-passport-usb-3-2-ssd?sku=WDBAGF5000ABL-WESN. Last accessed October 17, 2023.

1    Storage Drive has not yet failed, but he can no longer rely on it to continue to function properly.

2    Accordingly, Plaintiff Ackerman has been effectively deprived of its use.

3    **B.    Defendants**

4    7.    Defendant Western Digital Corporation is incorporated under the laws of

5    Delaware with its headquarters and principal place of business located at 5601 Great Oaks

6    Parkway, San Jose, CA 95119. Western Digital Corporation is the parent company of a

7    conglomerate of corporate entities, including defendants SanDisk LLC and Western Digital

8    Technologies, Inc.

9    8.    Defendant Western Digital Technologies, Inc. is incorporated under the laws of

10   Delaware with its headquarters and principal place of business located at 5601 Great Oaks

11   Parkway, San Jose, CA 95119. Western Digital Technologies, Inc. is the seller of record and

12   licensee in the Americas of SanDisk products.

13   9.    Defendant SanDisk LLC is incorporated under the laws of Delaware with its

14   headquarters and principal place of business located at 951 SanDisk Drive, Milpitas, CA 95035.

15   **III.    JURISDICTION AND VENUE**

16   10.    This Court has original jurisdiction over all causes of action asserted herein under

17   the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds

18   the sum or value or $5,000,000 exclusive of interest and costs and more than two-thirds of the

19   Class resides in states other than the state in which Defendants are citizens and in which this case

20   is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d)(2) do not apply.

21   11.    This court has personal jurisdiction over Defendants because the company is

22   headquartered in California, transacts business in this State, and because the tortious conduct

23   alleged in this Complaint occurred in, was directed to, and/or emanated from this State.

24   12.    Venue is proper in this district under 28 U.S.C. § 1391 because Defendants is

25   headquartered in this district, conducts business transactions in this District, and because the

26   wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this

27   District.

28

**CLASS ACTION COMPLAINT**                                                                    **2**

## IV.    INTRADISTRICT ASSIGNMENT

13.    This action is properly assigned to the San Jose Division of this District under Civil Local Rule 3-2(c) and (e), because Defendants is headquartered, and a substantial part of the events that give rise to the claim occurred, in Santa Clara County, California which is served by the San Jose Division. Furthermore, Defendants' principal place of business is located in Santa Clara County, California.

## V.    FACTUAL ALLEGATIONS

14.    Defendants design, manufacture, market and sell a variety of digital storage devices, including solid state drives ("SSDs"), and sell them directly online as well as through a network of retail networks. The SanDisk Extreme SSDs launched in 2019.[3]

15.    SSDs are typically more resistant to physical shock, run silently, and operate at higher speed than traditional magnetic hard disk drives. As a result, SSDs are generally known to be more reliable, more durable, and faster than traditional hard disks.

16.    Additionally, Defendants specifically market the SanDisk Extreme line of portable SSDs  as being especially dependable, claiming, *inter alia*, that they are "Fast and Dependable," "reliable enough to take on any adventure," and "Tough Enough to Take With You."[4] Defendants also claim to "TAK[E] DURABILITY TO GREATER HEIGHTS," with the that the WD My Passport SSD, allowing users to "[c]arry [their] data with confidence."[5]

17.    Defendants design, manufacture, market and sell the SanDisk Extreme Go Portable SSD, SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and Western Digital My Passport SSD, ranging in capacities from 500 gigabytes ("500 GB") to 4 terabytes ("4 TB") (hereinafter collectively referred to herein as the "Storage Drives"). The Storage Drives are sold under the SanDisk Extreme and WD My Passport brands and offer high-speed data

---

[3] https://www.extremetech.com/electronics/sandisk-portable-ssds-are-dying-left-and-right-but-only-some-models-will. Last accessed on October 19, 2023.
[4] https://www.westerndigital.com/products/portable-drives/sandisk-extreme-pro-usb-3-2-ssd?sku=SDSSDE81-1T00-G25. Last accessed October 17, 2023.
[5] https://www.westerndigital.com/products/portable-drives/wd-my-passport-usb-3-2-ssd?sku=WDBAGF5000ABL-WESN. Last accessed October 17, 2023.

1   transfer and storage. According to Defendants, the Storage Drives "store [] data, deliver on

2   speed, and drive performance" and consumers can count on them to "[l]oad faster with less lag".[6]

3   They are designed for photographers, videographers, and other creative professionals and

4   hobbyists who need to work with large files and access them quickly. However, the Storage

5   Drives have a firmware issue that causes them to disconnect or become unreadable by

6   computers.

7        18.    As part of Defendants' marketing scheme, promotion and advertising for the

8   Storage Drives, Western Digital uniformly stated through their website, reviewers' guides,

9   product labeling, packaging and associated documentation, advertising and/or user fora that the

10  Extreme Pro SSD storage drives were fit for their intended purpose of storing and saving data for

11  later retrieval. Defendants have made representations on its website about these products such as,

12  for example, that the SanDisk Portable SSD provides "[r]eliable storage for backing up content

13  and memories" and allows user to "store [] content and memories on a fast drive that fits

14  seamlessly into '[a] mobile lifestyle."[7] Defendants also represented users of the SanDisk

15  Extreme Portable SSD V2 could "Get fast NVMe™ solid state performance featuring

16  1050MB/s2 read and 1000MB/s2 write speeds in a portable, high-capacity drive that's perfect for

17  creating amazing content or capturing incredible footage."[8] Defendants' marketing of these

18  Storage Drives thus was intended to and did create the reasonable expectation among purchasers

19  that these Storage Drives were, in fact, able to conform with these specifications.

20       19.    Despite this marketing scheme, and based on a latent defect in manufacturing

21  and/or design that was not reasonably discoverable by Plaintiff at the time of purchase, the

22  Storage Drives do not function as reasonably expected.

23

24

25

---

26  [6] https://www.westerndigital.com/solutions/internal-ssd. Last accessed October 17, 2023.
    [7] https://www.westerndigital.com/products/portable-drives/sandisk-usb-3-2-
27  ssd?sku=SDSSDE30-1T00-G26 Last accessed October 17, 2023.
    [8] https://www.westerndigital.com/products/portable-drives/sandisk-extreme-usb-3-2-
28  ssd?sku=SDSSDE61-500G-G25. Last accessed October 17, 2023.

**CLASS ACTION COMPLAINT**                                                    4

20.     Starting in early 2023, purchasers of the Storage Drives began reporting that the Storage Drives were failing, resulting in permanent loss of their data.[9] In the months that followed, media reports confirmed this was not limited to a small group of users.[10] Thus, the Storage Drives do not conform with their core functionality, as well as Defendants' basic promise that the Storage Drives will do what they are supposed to do– store data safely for later access. Defendants have not disclosed the extent this defect. Defendants have made material representations and omissions of material facts, both to Plaintiff and presumptively to members of the Class, about the basic functionality of these Storage Drives. The ability of these drives to save, store and retrieve data was not in fact true and/or Defendants omitted material facts to the contrary.

21.     The Storage Drives do not provide these advertised and promised benefits in actual use, despite Defendants' uniform representations to the contrary. Without warning, these storage drives have wiped out data stored on them, making the files stored on them inaccessible and users unable or unwilling to use these drives out of the reasonable concern such data will be lost forever or cost hundreds if not thousands of dollars to recover.

22.     Defendants have only offered an unreliable firmware update, or replacement devices that also have been reported to suffer from the same defect – and replacement have only been offered for those that actually fail. Considering the targeted demographic for these devices, Plaintiff and Class members are put in a losing situation – they either use the Storage Drives knowing they may lose data without warning that cannot be re-created, in which case Defendants would only provide them a replacement device, or they buy another drive that Defendants will refuse to compensate them for because their original drive has not yet failed, even though can no longer trust it to do what is was purchased for in the first place. For Class members, is the

---

[9] https://www.reddit.com/r/editors/comments/10syawa/a_warning_about_sandisk_extreme_pro_ssds/. Last accessed October 19, 2023.
[10] https://arstechnica.com/gadgets/2023/05/sandisk-extreme-ssds-keep-abruptly-failing-firmware-fix-for-only-some-promised/, last accessed October 19, 2023; https://arstechnica.com/gadgets/2023/08/sandisk-extreme-ssds-are-still-wiping-data-after-firmware-fix-users-say/, last accessed October 19, 2023.

---

Storage Drives are effectively worthless, entitling them to a full refund of the amounts they paid for their Storage Drives and any additional damages they may have incurred as a result of such purchase and/or use.

23.    Defendants concealed material facts concerning the truth about the Storage Drives' capabilities to store, access and retrieve data, or the lack thereof. Class members were uniformly exposed to Defendants' marketing scheme and paid a premium for these Storage Drives.

24.    Defendants thus engaged in a scheme to mislead consumers about the characteristics, qualities, uses and benefits of the Storage Drives.

25.    Defendants have so far failed and refused to fully remediate this issue to ensure Class members receive the full benefit of their bargain despite demand therefore being made on behalf of Plaintiff and Class members, thus necessitating this action.

26.    Class members were also exposed to these and other similar representations or omissions of material fact, which were consistently made either directly or indirectly by Defendants.

27.    Defendants in promoting these Storage Drives focused on their excellence and reliability. However, Because of limitations inherent in their manufacture and/or design, Defendants' Storage Drives suffer or are likely to suffer during their useful lifetime from this inherent defect of wiping out data without warning.

28.    Defendants either have known or should have known about the existence of this defect for months through product testing prior to release. In addition, after initial reports of hard drive failure and data loss associated with the Storage Drives, Defendants admitted generally to an issue with the Storage Drives' firmware. According to Western Digital, a "firmware issue" can cause some products, including the Extreme Portable, Extreme Pro Portable, and the Western Digital My Passport SSD, to unexpectedly become undetected by the computer.[11]  Defendants created a search engine that allows users to search their devices by serial number to determine

---

[11] https://support-en.wd.com/app/firmwareupdate. Last accessed October 20, 2023.

whether the device was impacted. If it was, users were instructed to download the update as the "fastest way to address and resolve" the issue.[12]

29.    Some users, including some whose Storage Drives were defective, entered the serial number only to be told their device was not affected.[13] As of now, Defendants are not warning customers and retailers who have already purchased these drives or may purchase these drives in the future that significant data loss is possible, how these drives are defective and the causes of the defects, why the firmware fix is not resolving the issue and whether other storage drives currently for sale by Defendants have the same unremedied defect.

30.    While Defendants were selling these Storage Drives to Plaintiff and Class members, Defendants in all likelihood had information in their possession for either all or a large part of the time they were selling these Storage Drives that they contained the material defect described above, and thus omitted material facts to the contrary in their possession and not generally available to the public. Defendants have further failed to engage in a corrective advertising campaign to correct the public misperceptions created by their original conduct, nor made any significant effort to withdraw or correct these representations.

31.    As a result, Defendants uniformly failed to disclose latent defects in the Storage Drives, despite likely having evidence to the contrary in their exclusive possession and control during all or a majority of the time they were offering these storage drives to the public. The affirmative misstatements made either directly or indirectly by Defendants, plus Defendants' uniform omission of the material facts set forth above, were likely to be and/or is material and misleading to reasonable individuals targeted by Defendants into purchasing these Storage Drives.

32.    Because the claims at issue were included in advertisements, marketing, reviewer's guides, labelling, packaging, documents and/or agreements accompanying these Storage Drives, a reasonable person would likely be misled into believing these storage drives

---

[12] *Id.*
[13] https://forums.sandisk.com/t/new-firmware-was-released-for-the-4tb-extreme-portables/228976/13. Last accessed October 20, 2023.

1  were capable of safely storing and retrieving data saved on them, when that was not in fact the

2  case.

3         33.    Defendants' misrepresentations and omissions of material fact alleged herein are

4  the type that would be material to typical product purchasers, including Plaintiff, because a

5  reasonable person interested in purchasing these types of portable storage drives would attach

6  importance to knowing they would function for their essential purpose. Portable storage drives

7  that delete data or cannot be accessed without warning would be a material factor to Class

8  members, and was a material factor considered by Plaintiff. Class members and Plaintiff thus

9  would be induced to act, and were induced to act, positively on the representations and omissions

10  of material facts in Defendants' possession to the contrary in making their purchase decisions, at

11  least in material part.

12         34.    Plaintiff and Class members were exposed to Defendants' misrepresentations and

13  omissions of material fact and purchased at least one Hard Drive. As they purchased these

14  devices at the prices they did in substantial part based on the false belief that these storage drives

15  would function and not delete data without warning, such claims were a substantial factor in the

16  decisions of Plaintiff and other Class members to do so at the prices they paid. Plaintiff and the

17  Class members were thus sold products that do not perform or possess the basic capabilities, uses

18  or benefits advertised and represented, contained a latent design or manufacturing defect that

19  prevents these Storage Drives from operating as intended and are effectively worthless to them.

20  They have thus been injured in fact or suffered damage as a result. They also did not receive the

21  benefit of their bargain in terms of receiving the product they paid for possessing the basic

22  characteristics set forth above.

23         35.    While Defendants privately offered to replace certain of these storage drives that

24  have been compromised and manifested this defect, they are only offering replacement drives,

25  which may be used and have been reported to have the same issue. Defendants are presently not

26  offering refunds, repayment of the costs to consumers to hire a company to perform data

27  recovery services for lost data or purchase replacement backup drives, payment for time lost

28

1  attempting to recover lost data or re-input it, or other costs experienced by class members who

2  have had this defect manifest. Nor are they offering refunds to those consumers who are

3  concerned such a defect will manifest in the future and can no longer trust their Storage Drive's

4  reliability, making their Storage Drives effectively worthless to them.

5     36.    Despite being aware of the actual specifications of the Storage Drives and the

6  latent defects described above, Defendants advertised, marketed, distributed and/or sold the

7  Storage Drives to Plaintiff and Class members by advertising characteristics, uses and benefits

8  that were false, misleading, and/or likely to mislead them, and sold Storage Drives that contained

9  a latent design and/or manufacturing defect that prevented Defendants from being able to comply

10  with their prior representations, commitments, warranties and promises.

11     37.    These Storage Drives are marketed without either affirmatively disclosing these

12  material limitations or having engaged in a corrective promotional campaign to correct their

13  previous misstatements. Such conduct is on-going.

14     38.    Plaintiff and/or the Class members suffered damage, injury and/or a loss of

15  money or property as a result of such conduct. While Plaintiff is now aware of the misleading

16  nature of Defendants' current advertising, he would order and use Storage Drives manufactured

17  by Defendants in the future if, in fact, Defendants disclosed truthful information about these

18  devices and actually fixed the latent defect causing the problems at issue here. Defendants have

19  yet to change their labeling and advertising practices, or improve the Storage Drives to conform

20  to their advertising claims. Given Defendants' ongoing business acts and practices, Plaintiff will

21  be unable to rely on the Product's advertising or labeling in the future, and so will not purchase

22  these products although he would like to. As a result, Plaintiff has standing to seek injunctive

23  relief and seeks damages, injunctive and equitable relief, attorneys' fees and costs and all other

24  relief as permitted by law on behalf of himself and all others similarly situated, as applicable to

25  the causes of action set forth herein.

26

27

28

1

**VI.    CLASS ACTION ALLEGATIONS**

2        39.    Plaintiff realleges and incorporates by reference herein all the allegations

3    contained above.

4        40.    **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil

5    Procedure 23(b)(3) on behalf of himself and the Class defined as follows:

6            All persons who reside in and purchased a Storage Drive, including a SanDisk
             Extreme Go Portable SSD, SanDisk Extreme Pro Portable SSD, SanDisk Extreme
7            Portable SSD V2, SanDisk Extreme Pro Portable SSD V2, and WD My Passport
             SSD models in the United States since 2020 ("the Class").
8

9        41.    Plaintiff reserves the right to modify, expand or amend the above Class definition

10   or to seek certification of a class or classes defined differently than above before any court

11   determines whether certification is appropriate following discovery.

12       42.    Excluded from the class are: (1) any Judge or Magistrate presiding over this

13   action and members of their families; (2) Defendants, Defendants' subsidiaries, parents,

14   successors, predecessors, and any entity in which Defendants or their parents have a controlling

15   interest and its current or former employees, officers and directors; (3) persons who properly

16   execute and file a timely request for exclusion from the Class; (4) persons whose claims in this

17   matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel

18   and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such

19   excluded persons.

20       43.    This action is brought and may properly be maintained as a class action as this

21   action satisfies the numerosity, commonality, typicality, adequacy, predominance, and/or

22   superiority requirements for proceeding on a class-wide basis.

23       44.    **Numerosity**: The Class is so numerous that the individual joinder of all members

24   is impracticable. The exact number of members of the Class is unknown and not available to

25   Plaintiff at this time, but it is clear that individual joinder is impracticable. The exact number of

26   Class members can only be ascertained through discovery. On information and belief,

27

28

**CLASS ACTION COMPLAINT**                                                                    **10**

Defendants have sold at least thousands of Storage Drives and have refused to reimburse Plaintiff and Class Members.

45. **Commonality and Predominance**: There are many question of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. A class action will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and with the unnecessary hardship that would results from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individuals actions would create. Common questions for the Class include, but are not necessarily limited to, the following:

    a.    whether the Storage Drives had a material defect;

    b.    whether Defendants knew, or should have known, that the Storage Drives had a defect;

    c.    whether Defendants failed to take adequate steps to prevent the defect;

    d.    whether Defendants had a duty to disclose, and wrongfully failed to disclose, that the Storage Drives had a defect;

    e.    whether Defendants misrepresented material facts and/or failed to disclose materials facts in connection with the manufacturing, packaging, labeling, marketing, distribution, and sale of the Storage Drives;

    f.    whether Defendants' representations and omissions on the labeling of the Storage Drives are likely to mislead, deceive, confuse or confound consumers acting reasonably;

    g.    whether Defendants represents to consumers that the Storage Drives have characteristics, benefits, or qualities that they do not have;

h.    whether Defendants had knowledge that its representations and/or omissions were false, deceptive, and/or misleading;

i.    whether Defendants continue to make representations and/or omissions despite knowledge that the representations and/or omissions are false, deceptive, and/or misleading;

j.    whether Defendants breached their express warranties;

k.    whether Defendants breached their implied warranties;

l.    whether Defendants engaged in fraudulent, deceptive, misleading, unlawful, and/or unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200 and § 17500, et seq. and the other laws stated herein;

m.    whether the Storage Drives perform as advertised and represented in terms of their upgrade capabilities;

n.    whether Defendants made negligent and/or fraudulent misrepresentations and/or omissions;

o.    whether Plaintiff and the members of the Class are entitled to actual, and statutory damages;

p.    whether Defendants unjustly retained a benefit such that restitution is appropriate; and

q.    whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

46.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct. Likewise, Plaintiff and other Class members can prove the same common nucleus of operative facts in order to establish Defendants' liability for the same claims.

47.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained competent counsel experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other

members of the Class. That is, Plaintiff and members of the Class sustained damages as a result of Defendants' uniform conduct. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor their counsel have any interest adverse to the Class.

48.    **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contract, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

49.    In the alternative, the Class should be certified because:

a.    The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

b.    The prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

      c.     Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

50.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and discovery.

## VII.   CLAIMS FOR RELIEF

**COUNT I**

**(Breach of Express Warranties)**

51.     Plaintiff hereby repeats and incorporates by reference each preceding and succeeding paragraphs as though fully set forth herein.

52.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants for breach of express warranty. Defendants manufactured, distributed, packaged, labeled, marketed, and sold the Storage Drives into the stream of commerce with the intent that the Storage Drives would be purchased by Plaintiff and the Class. Defendants expressly warranted, advertised, and represented to Plaintiff and the Class that the Storage Drives were effective at storing Plaintiff's and Class Members' data, and that such data would not be deleted without notice or warning.

53.     Defendants made these express warranties regarding the Storage Drives' quality and fitness for use in writing through its website, advertisements, and marketing materials and on the Storage Drives' packaging and labels. These express warranties became part of the basis of the bargain that Plaintiff and the Class entered into upon purchasing the Storage Drives. These affirmations of fact and/or promises became part of the basis of the bargain, and the contract, that Plaintiff and the Class entered into with Defendants upon purchasing the Storage Drives. Defendants' advertisements, warranties, and representations were made in connection with the sale of the Storage Drives to Plaintiff and the Class. Plaintiff and the Class relied on Defendants' advertisements, warranties, and representations regarding the Storage Drives in deciding whether to purchase Defendants' products.

54.    Defendants' products do not conform to Defendants' affirmations of fact and promises in that they are not effective at storing data. In fact, this failure of the Storage Drives' core functionality renders them altogether worthless.

55.    Defendants therefore breached their express warranties by placing products into the stream of commerce and selling them to consumers, when their use had negative effects, and were unusable for its stated purpose, rendering these products unfit for their intended use and purpose, and unsuitable for consumer use as marketed by Defendants. These associated defects substantially impair the use, value, and safety of the Storage Drives.

56.    Defendants were aware, or should have been aware, of the presence of the defects in the Storage Drives and therefore were aware or should have been aware of effects of the use of the Storage Drives on consumers, but nowhere on the package labeling on Defendants' websites, or other marketing materials did Defendants warn Plaintiff and members of the Class of the potential for loss of data from the Storage Drives.

57.    Instead, Defendants concealed the defect in the Storage Drives and deceptively represented that the Storage Drives were safe, of a certain quality, fast, rugged, were effective at storing data, and appropriate for use. Defendants thus utterly failed to ensure that the material representations it was making to consumers were true.

58.    The defects were present in the Storage Drives when they left Defendants' possession or control and were sold to Plaintiff and members of the class. The dangers associated with use of the Storage Drives were undiscoverable by Plaintiff and members of the Class at the time of purchase of the Storage Drives.

59.    Defendants are the manufacturer, marketer, advertiser, distributor, labeler, and seller of the Storage Drives and thus had exclusive knowledge and notice of the fact that the Storage Drives did not conform to the affirmations of fact and promises.

60.    In addition, or in the alternative, to the formation of an express contract, Defendants made each of the above-described representations to induce Plaintiff and members of the Class to rely on such representations.

61.     Defendants' affirmations of fact and promises were material, and Plaintiff and members of the Class reasonably relied upon such representations in purchasing the Storage Drives.

62.     All conditions precedent to Defendants' liability for its breach of express warranty have been performed by Plaintiff or members of the Class.

63.     Affording Defendants an opportunity to cure its breaches of written warranties would be unnecessary and futile here. Defendants had ample opportunity to test their products for defects and to modify their manufacturing processes to ensure the defect was not present in the Storage Drives to make them effective for use by Plaintiff and members of the Class.

64.     As a direct and proximate result of Defendants' breaches of express warranty, Plaintiff and members of the Class have been damaged because they did not receive the products as specifically warranted by Defendants. Plaintiff and members of the Class did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their payment and/or overpayment for the Storage Drives.

65.     Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendants' failure to deliver goods conforming to their express warranties and resulting breach.

## COUNT II

### (Breach of Implied Warranty of Merchantability)

66.     Plaintiff hereby repeats and incorporates by reference each preceding and succeeding paragraphs as though fully set forth herein.

67.     Defendants are a merchant engaging in the sale of goods to Plaintiff and the Class members.

68.     There was a sale of goods—Storage Drives—from Defendants to Plaintiff and the Class members.

69.     As set forth herein, Defendants manufactured and sold the Storage Drives, and prior to the time they were purchased by Plaintiff and the Class, impliedly warranted that the

Storage Drives were of merchantable quality, fit for their ordinary and intended use (to save, store and retrieve data), and conformed to the promises and affirmations of fact made on the Storage Drives' labels and packaging.

70.    Plaintiff and the Class relied on these implied warranties when they purchased the Storage Drives.

71.    The Storage Drives, however, were not fit for their ordinary and intended use, and did not conform to the promises and affirmations of facts made on the Storage Drives' labels and packaging, including that the Storage Drives were effective at storing data. Plaintiff and the Class relied on Defendants' promises and affirmations of fact when they purchased the Storage Drives.

72.    These promises became part of the basis of the bargain between Defendants and Plaintiff and the Class members, and thus constituted implied warranties.

73.    Defendants breached the implied warranties by selling Storage Drives that failed to conform to the promises or affirmations of fact made on the packaging or label. Defendants had, and have, exclusive knowledge of the material facts concerning the defective nature of the Storage Drives.

74.    Defendants were, or should have been, on notice of this breach, as they were aware that the process used to manufacture the Storage Drives was likely to result in the presence of defects in the Storage Drives.

75.    Privity exists because Defendants impliedly warranted to Plaintiff and the Class members through the packaging that the Storage Drives would save, store and retrieve data and by failing to disclose latent defects in the Storage Drives to Plaintiff and the Class members.

76.    As a direct and proximate result of Defendants' breach of their implied warranties, Plaintiff and the Class suffered actual damages as they purchased Storage Drives that are worth less than the price they paid and/or that they would not have purchased at all if they had known of the attendant loss of data and defects associated with the use of each of the Storage Drives.

77.     Plaintiff, on behalf of Himself and the Class, seeks actual damages and injunctive and declaratory relief for Defendants' failure to deliver goods that conform to their implied warranties and resulting breach.

## COUNT III

**(Violations of the Unfair Competition Law, California Business & Professions Code §§17200, et seq., Against Defendants on Behalf of the Class)**

78.     Plaintiff hereby repeats and incorporates by reference each preceding and succeeding paragraphs as though fully set forth herein.

79.     The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

80.     Defendants violated and continue to violate the Unfair Competition Law by engaging in the herein described fraudulent, deceptive, unfair acts or practices proscribed by Cal. Bus. & Prof. Code §17200, et seq. Defendants' acts and practices, including their material omissions, described herein, were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

**Fraudulent**

81.     Defendants fraudulently represented that the Storage Drives were and are fit for use by individuals when in fact they contain, or have a material risk of containing, defects, which could cause a Hard Drive user to lose substantial personal data from use of the Hard Drive.

**Unlawful**

82.     As alleged herein, Defendants unlawfully advertised the SanDisk SSDs using false or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws:

a.     The CLRA, California Business & Professions Code §§1750, *et seq*.; and

b.     The False Advertising Law, California Business & Professions Code §§17500, *et seq*.

**Unfair**

83.    Defendants' conduct with respect to the packaging and sale of the Storage Drives is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

84.    Defendants' conduct with respect to the packaging and sale of the Storage Drives is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law.

85.    Defendants' conduct with respect to the packaging and sale of the Storage Drives is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers, themselves, can reasonably avoid.

86.    Plaintiff and the Class relied upon the Storage Drives' packaging provided to them by Defendants when making their purchasing decisions. Had Plaintiff and the Class known Defendants failed to disclose the Storage Drives' defects, they would not have purchased the Storage Drives.

87.    In accordance with California Business & Professions Code §17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

88.    On behalf of Himself and Class, Plaintiff also seeks an order for the restitution of all monies from the sale of the Storage Drives, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

**COUNT IV**

**(Fraud by Omission)**

89.    Plaintiff hereby repeats and incorporates by reference each preceding and succeeding paragraphs as though fully set forth herein.

90.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants for fraud by omission.

91.     Defendants actively and knowingly concealed from and failed to disclose to Plaintiff and the Class that use of the Storage Drives is accompanied by a risk of data loss which does not conform to the Storage Drives' labels, packaging, advertising, and statements.

92.     Defendants were under a duty to disclose to Plaintiff and the Class the true safety, quality, characteristics, fitness for use, and suitability of the Storage Drives because:

      a.    Defendants were in a superior position to know the true state of facts about their products;

      b.    Defendants were in a superior position to know the risks associated with the use of, characteristics of, and suitability of the Storage Drives for use by individuals;

      c.    Defendants knew that Plaintiff and the Class could not reasonably have been expected to learn or discover that the Storage Drives were misrepresented in the packaging, labels, advertising, and websites prior to purchasing the Storage Drives;

      d.    Defendants' packaging and labels disclosed misleading information to consumers by omitting that the Storage Drives contain defects; and

      e.    based on Defendants' partial statements on the Storage Drives' labels and packaging that gave a misleading impression to reasonable consumers that the Storage Drives are suitable for use, without further information on the presence defects had not been disclosed, Defendants assumed the obligation to make a full and fair disclosure of the whole truth.

93.     Defendants know their customers trust the quality of their products and that they expect the Storage Drives to be suitable for use and to not have risk of data loss.

94.     Due to the omissions of the Storage Drives' packaging, Defendants had a duty to disclose the whole truth about the presence, and material risk, in the Storage Drives to Plaintiff

and the proposed Class. Defendants failed to discharge their duty to disclose the presence of defects in the Storage Drives.

95.    Defendants acted in bad faith when they intended that Plaintiff and the Class would rely on the Omissions when purchasing the Storage Drives, unaware of the undisclosed material facts.

96.    The facts concealed or not disclosed by Defendants to Plaintiff and the Class were material in that a reasonable consumer would have considered them important when deciding whether to purchase the Storage Drives.

97.    Plaintiff and the Class justifiably relied on Defendants' omissions to their detriment. The detriment is evident from the true quality, characteristics, and risk associated with the use of Storage Drives, which is inferior when compared to how the Storage Drives are advertised and represented by Defendants.

98.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they purchased Storage Drives that were worth less than the price they paid and/or that they would not have purchased at all had they known of the risks associated with the use of the Storage Drives which do not conform to the Storage Drives' labels, packaging, advertising, and statements.

99.    Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

**COUNT V**

**(Violations of California False Advertising Law, California Business & Professions Code §§17500, et seq., Against Defendants on Behalf of the Class)**

100.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

101.    California's False Advertising Law prohibits any statement or omission in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

1    102.    As set forth herein, Defendants' failure to disclose the latent defects of the
2    Storage Drives is likely to deceive the public.

3    103.    Defendants knew or reasonably should have known that the Storage Drives
4    contain, or have a material risk of containing, defects, which could cause a user to suffer
5    substantial loss of data.

6    104.    Defendants knew, or reasonably should have known, that these omissions were
7    misleading.

8    105.    As a direct and proximate result of Defendants' false advertising, Plaintiff and
9    Class members have been harmed, and that harm will continue unless Defendants are enjoined
10    from using the misleading marketing described herein in any manner in connection with the
11    advertising and sale of the Storage Drives.

12    106.    Defendants' false advertising caused injury in fact and actual damages to Plaintiff
13    and the Class members in the form of the loss or diminishment of value of the Storage Drives
14    Plaintiff and the class purchased, which allowed Defendants to profit at their expense.

15    107.    Defendants' unlawful conduct is continuing, with no indication of Defendants'
16    intent to cease this fraudulent course of conduct, posing a threat of future harm to Plaintiff and
17    members of the class, such that prospective injunctive relief is necessary. Plaintiff and members
18    of the class are entitled to injunctive and equitable relief and restitution in the amount they spent
19    on the Storage Drives, as well as any other just and proper relief, pursuant to Cal. Bus. & Prof.
20    Code §17535 and applicable law.

21    **COUNT VI**

22    **(Unjust Enrichment Against Defendants on Behalf of the Class)**

23    108.    Plaintiff incorporates by reference and realleges each and every allegation
24    contained above, as though fully set forth herein.

25    109.    Substantial benefits have been conferred on Defendants by Plaintiff and the Class
26    through the purchase of the Storage Drives. Defendants knowingly and willingly accepted and
27    enjoyed these benefits.

28

110. Defendants either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that the Storage Drives would not run the risk of deleting saved files. As such, it would be inequitable for Defendants to retain the benefit of the payments under these circumstances.

111. Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

112. Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

### COUNT VII

### (Negligent Misrepresentation)

113. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

114. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants for negligent misrepresentation.

115. Because Defendants have superior knowledge regarding the quality of their products and because Plaintiff and members of the proposed Class trust and rely on Defendants to provide accurate and truthful information regarding the Storage Drives, which Plaintiff and members of the proposed Class cannot ascertain on their own, Defendants had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the developing, testing, manufacture, marketing, distribution, and sale of Storage Drives.

116. Defendants breached their duty to Plaintiff and the Class by developing, testing, manufacturing, advertising, marketing, distributing, and selling products to Plaintiff and the Class that did not have the qualities, characteristics, and suitability for use as advertised by Defendants.

117. Defendants packaged, labeled, marketed, and advertised the Storage Drives in a manner indicating that the Storage Drives were and are, among other things, suitable for use. However, the Storage Drives contained, or were at risk of containing, defects, which did not

1  conform to the packaging. Therefore, Defendants made misrepresentations about the Storage

2  Drives.

3       118.   Defendants' misrepresentations regarding the Storage Drives are material to a

4  reasonable consumer because they relate to the quality of the Storage Drives, which the

5  consumer is receiving and paying for. A reasonable consumer would attach importance to such

6  representations and would be induced to act thereon in deciding whether or not to purchase the

7  Storage Drives.

8       119.   At all relevant times when such misrepresentations were made, Defendants knew

9  or had been negligent in not knowing that the Storage Drives contained, or were at risk of

10  containing, defects which caused the loss of consumers' data. Defendants had no reasonable

11  grounds for believing their misrepresentations were not false and misleading.

12       120.   Defendants knew or should have known that the qualities and characteristics of

13  the Storage Drives were not as advertised or suitable for their intended use and were otherwise

14  not as warranted and represented by Defendants yet continued selling the Storage Drives.

15  Specifically, Defendants knew or should have known that: (a) the manufacturing process used to

16  produce the Storage Drives resulted in the presence of defects in the Storage Drives or a

17  substantial risk that defects would be found in the Storage Drives, and (b) the Storage Drives

18  were otherwise not as warranted and represented by Defendants.

19       121.   Defendants intended that Plaintiff and members of the proposed Class would rely

20  on these representations, as evidenced by the intentional and conspicuous placement of the

21  misleading representations on the Storage Drives' packaging by Defendants, as well as their

22  advertising, marketing, and labeling of the Storage Drives as, among other things, suitable for

23  use.

24       122.   Plaintiff and members of the proposed Class have reasonably and justifiably

25  relied on Defendants' negligent misrepresentations when purchasing the Storage Drives, and had

26  the correct facts been known, would not have purchased the Storage Drives at all, or would have

27  paid less for them.

28

**CLASS ACTION COMPLAINT**          **24**

1    123.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

2  have suffered actual damages in that they purchased the Storage Drives that were worth less than

3  the price they paid and/or that they would not have purchased at all had they known they

4  contained, or had a material risk of containing, defects that caused substantial loss of personal

5  data, which does not conform to the products' labels, packaging, advertising, and statements.

6    124.    Plaintiff and the Class seek actual damages, injunctive and declaratory relief,

7  attorneys' fees, costs, and any other just and proper relief available.

8  **VIII.   PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiff Ackerman, on behalf of himself and the Class, requests that the

10  Court enter judgment:

11    A.    Declaring this action to be a p0roper class action, appointing Plaintiff and his

12      counsel to represent the Class, and requiring Defendants to bear the costs of class

13      notice;

14    B.    Enjoining Defendants from selling the Storage Drives until the defect is resolved

15      or full disclosure of the presence of such appears on all packaging;

16    C.    Enjoining Defendants from selling the Storage Drives in any manner suggesting

17      or implying that they are reliable;

18    D.    Requiring Defendants to engage in a corrective advertising campaign and engage

19      in any further necessary affirmative injunctive relief, such as recalling existing

20      products;

21    E.    Awarding declaratory relief, and any further retrospective or prospective

22      injunctive relief permitted by law or equity, including enjoining Defendants from

23      continuing the unlawful practices alleged herein, and injunctive relief to remedy

24      Defendants' past conduct;

25    F.    Requiring Defendants to pay restitution to restore all funds acquired by means of

26      any act or practice declared by this Court to be an unlawful, unfair, or fraudulent

27

28

**CLASS ACTION COMPLAINT**                                                                25

1  business act or practice, untrue or misleading advertising, or a violation of law,

2  plus pre- and post-judgment interest thereon;

3  G.  Requiring Defendants to disgorge or return all monies, revenues, and profits

4  obtained by means of any wrongful or unlawful act or practice;

5  H.  Requiring Defendants to pay all actual and statutory damages permitted under the

6  counts alleged herein, including under CLRA §1780(a)(1), in an amount to be

7  determined by this Court, but at least $5,000,000.

8  **IX.    JURY DEMAND**

9  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Ackerman demands a trial by

10  jury of all the claims asserted in this Complaint so triable.

11

12  Dated: November 16, 2023                         Respectfully submitted,

13                                                    */s/ Adam J. Zapala*
                                                      Adam J. Zapala, SBN: 245748
14                                                    **COTCHETT, PITRE & MCCARTHY LLP**
                                                      San Francisco Airport Office Center
15                                                    840 Malcolm Road
                                                      Suite 200
16                                                    Burlingame, CA 94010
                                                      Telephone: (650) 697-6000
17                                                    Facsimile: (650) 697-0577
                                                      azapala@cpmlegal.com
18

19                                                    Daniel E. Gustafson (*pro hac vice pending*)
20                                                    Karla M. Gluek (*pro hac vice pending*)
                                                      Daniel J. Nordin (*pro hac vice pending*)
21                                                    Mary M. Nikolai (*pro hac vice pending*)
                                                      **GUSTAFSON GLUEK PLLC**
22                                                    Canadian Pacific Plaza
                                                      120 South Sixth Street, Suite 2600
23                                                    Minneapolis, MN 55402
                                                      Telephone: (612) 333-8844
24                                                    dgustafson@gustafsongluek.com
25                                                    kgluek@gustafsongluek.com
                                                      dnordin@gustafsongluek.com
26                                                    mnikolai@gustafsongluek.com

27                                                    ***Counsel for Plaintiff and the Proposed Class***

28